NORA FYMBOE, Appellant, v. RIDGE HOLDING CORPORATION, Respondent.— Action to recover damages for personal injuries attributed to a fall on the stairway of a cellar in defendant's tenement house. Appeal from a judgment and an alleged order setting aside the verdict in plaintiff's favor and dismissing the complaint. Judgment unanimously affirmed, with costs. No opinion. Appeal from alleged order dismissed. No such order is in the record. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

MARY A. GALBRAITH, Respondent, v. PAUL BUSCH and Another, Appellants.— Action to recover damages for personal injuries sustained by plaintiff while riding in a motor car owned by one of the defendants, her daughter, and driven by the other defendant. The car swerved from the road and hit a tree. Judgment against both defendants. Judgment and order denying motion for a new trial upon the minutes affirmed, with costs. No opinion. Lazansky, P. J., Young, Carswell and Scudder, JJ., concur; Tompkins, J., dissents and votes for a reversal of the judgment and a new trial on the ground that the *res ipsa loquitur* doctrine does not apply. In *Spreen* v. *McCann* (264 N. Y. 546) the Court of Appeals found defendant's negligence without reference to that doctrine. In the case at bar there is no evidence of any careless act or omission on the part of the driver. Such an accident may occur without negligence by the driver; for instance, the steering equipment may give way or some latent defect in the mechanism of the car may take it out of control and the car may be so completely wrecked that it would be impossible to explain the cause of the accident. In such a case it would be unfair to put upon the defendant the burden of overcoming a presumption of negligence.

CLIFFORD F. GEORGE, as Administrator, etc., of GUY GEORGE, Deceased, Respondent, v. LOUISE WICKERT and Another, Appellants.— Judgment entered upon the verdict of a jury in an action to recover damages for the wrongful death of plaintiff's intestate as the result of injuries he received when the car in which he was riding by invitation left the road and collided with a culvert unanimously affirmed, with costs. Appeal from order denying motion to reargue motion to set aside the verdict and grant a new trial dismissed. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ.